**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANA/KENTUCKY/OHIO REGIONAL | ) | |
| COUNCIL OF CARPENTERS PENSION | ) | |
| FUND; INDIANA STATE COUNCIL OF | ) | |
| CARPENTERS PENSION FUND; | ) | |
| INDIANA/KENTUCKY/OHIO REGIONAL | ) | |
| COUNCIL OF CARPENTERS DEFINED | ) | |
| CONTRIBUTION PENSION FUND; | ) | |
| INDIANA/KENTUCKY/OHIO REGIONAL | ) | |
| COUNCIL OF CARPENTERS WELFARE | ) | |
| FUND; INDIANA/KENTUCKY/OHIO | ) | |
| REGIONAL COUNCIL OF CARPENTERS | ) | |
| JOINT APPRENTICESHIP AND TRAINING | ) | |
| FUND; and CENTRAL MIDWEST REGIONAL | ) | |
| COUNCIL OF CARPENTERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:24-cv-00032 |
| | ) | |
| FLOOR SYSTEMS OF INDIANA, LTD., an | ) | |
| Indiana limited liability company, and KIM | ) | |
| WALL, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

NOW COME the Plaintiffs, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL

OF CARPENTERS PENSION FUND; the INDIANA STATE COUNCIL OF CARPENTERS

PENSION FUND, the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF

CARPENTERS DEFINED CONTRIBUTION PENSION FUND, the

INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND,

the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT

APPRENTICESHIP AND TRAINING FUND, ("collectively, the "Trust Funds") and the

CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS[1] ("Union"), (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants FLOOR SYSTEMS OF INDIANA, LTD. ("Floor Systems") and KIM WALL ("Wall") (collectively, "Defendants"), and in support, allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (20 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action alleges common law tortious conversion against the individual Defendants. The Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3. Count III of this action arises under Ind. Code § 34-24-3-1 ("Indiana's Civil Conversion Statute") and alleges civil conversion against the individual Defendant. The Court has supplemental jurisdiction over the subject matter of Count III pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 29 U.S.C. & 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

---

[1] The Central Midwest Regional Council of Carpenters was previously named the Indiana/Kentucky/Ohio Regional Council of Carpenters.

## PARTIES

5. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

6. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

7. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

8. The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

9. The Union is the bargaining representative of Floor Systems' bargaining unit employees ("covered employees").

10. Defendant Floor Systems is an Indiana limited liability company with its principal place of business in Fort Wayne, Indiana.

11. Defendant Wall is an individual with his principal residence in Fort Wayne, Indiana.

## FACTS COMMON TO ALL COUNTS

12. Floor Systems is an employer engaged in an industry affecting commerce.

13. Through a Memorandum of Agreement ("MOA"), Floor Systems agreed to be bound by the Union's CBAs. (A copy of the MOA is attached as **Exhibit 1**).

14. Through the CBAs, Floor Systems agreed to be bound by the Trust Funds' Trust Agreements.

15. Pursuant to the provisions of the CBAs and Trust Agreements, Floor Systems is required to make monthly reports of the number of hours worked by its covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and wage deductions to the Union on or before the twentieth (20th) day following the month in which the work is performed (hereinafter referred to as "due date").

### COUNT I
### BREACH OF CONTRACT

16. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-15 of this Complaint with the same force and effect as if fully set forth herein.

17. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections Policy") which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

18. Pursuant to Section 502(g)(2) of ERISA, the Collections Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, attorneys' fees, and costs associated with the collection of the delinquent contributions.

19. Defendant Floor Systems breached the agreements identified in Paragraphs 13 and 14 by failing to timely submit its monthly remittance reports for the CBAs and work months identified below:

| CBA: | Work Month: |
|---|---|
| CNE2 | March 2023 |
| CNE2 | April 2023 |
| CNE2 | May 2023 |
| CNE2 | June 2023 |
| CNE2 | July 2023 |
| CNE2 | August 2023 |

| CBA: | Work Month: |
|---|---|
| CNE2 | September 2023 |
| CNE2 | October 2023 |
| CNE2 | November 2023 |

| CBA: | Work Month: |
|---|---|
| CNW1A | November 2022 |
| CNW1A | February 2023 |
| CNW1A | May 2023 |
| CNW1A | June 2023 |
| CNW1A | July 2023 |
| CNW1A | August 2023 |
| CNW1A | September 2023 |
| CNW1A | October 2023 |
| CNW1A | November 2023 |

20.    Defendant Floor Systems owes Plaintiffs unpaid contributions, wage deductions, interest, and liquidated damages in an unknown amount due to its failure to timely submit monthly remittance reports and remit the corresponding contributions and wage deductions to Plaintiffs for the work months identified in Paragraph 19.

21.    Defendant Floor Systems failed to timely remit contributions to the Trust Funds for the work months of May 2021, June 2021, December 2022, and March 2023.

22.    As a result of Defendant Floor Systems' failure to timely remit contributions to the Trust Funds for the work months of May 2021, June 2021, December 2022, and March 2023, interest has accrued in the aggregate amount of $2,143.93, itemized as follows:

| CBA: | Work Month: | Interest Owed: |
|---|---|---|
| CCIC | May 2021 | $251.40 |
| CCIC | June 2021 | $791.02 |
| CNW1A | December 2022 | $225.00 |
| CNW1A | March 2023 | $329.71 |
| CNE2 | December 2022 | $546.80 |
| | **TOTAL:** | **$2,143.93** |

23.    Despite Plaintiffs' requests, Defendant Floor Systems has failed to submit the monthly remittance reports and pay the monies due pursuant to the CBAs.

24. Defendant Floor Systems has a continuing obligation to pay contributions and deductions to Plaintiffs and, as a result, additional monies may be owed.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Floor Systems.

26. Floor Systems is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Collections Policy, and 29 U.S.C. & 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant Floor Systems in the aggregate amount of $2,143.93 for the interest owed for the work months of May 2021, June 2021, December 2022, and March 2023;

B. Defendant Floor Systems be ordered to submit all of its outstanding monthly remittance reports, including those for the work months of November 2022, February 2023, March 2023, May 2023, June 2023, July 2023, August 2023, September 2023, October 2023, and November 2023 and pay all the delinquent contributions, deductions, interest, and liquidated damages revealed to be due and owing;

C. Defendant Floor Systems be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other and further relief that the Court may deem just and equitable all at Defendant Floor Systems' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

**COUNT II**
**COMMON LAW TORTIOUS CONVERSION V. THE INDIVIDUAL DEFENDANT**

27.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28.    The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

29.    At all times material herein, Defendant Floor Systems has been signatory to an MOA, binding it to the Union's CBAs.

30.    The CBAs require Defendant Floor systems to make certain wage deductions from its covered employees' paychecks and remit said deductions to the Union's designated depository by the due date.

31.    Defendant Floor Systems made the required deductions from its covered employees' paychecks for the CBAs and work months identified below:

| CBA: | Work Month: |
|---|---|
| CNE2 | March 2023 |
| CNE2 | April 2023 |
| CNE2 | May 2023 |
| CNE2 | June 2023 |
| CNE2 | July 2023 |
| CNE2 | August 2023 |
| CNE2 | September 2023 |
| CNE2 | October 2023 |
| CNE2 | November 2023 |

| CBA: | Work Month: |
|---|---|
| CNW1A | November 2022 |
| CNW1A | February 2023 |
| CNW1A | May 2023 |
| CNW1A | June 2023 |
| CNW1A | July 2023 |
| CNW1A | August 2023 |
| CNW1A | September 2023 |
| CNW1A | October 2023 |
| CNW1A | November 2023 |

32. The wage deductions became the property of the Union, in its representative capacity for Flooring Sytems' covered employees, on the due date. Thus, the Union had an immediate, unqualified right to then possess the deductions based on a superior claim of title.

33. At all times material herein, Defendant Wall has been the sole owner and President of Floor Systems.

34. In such capacities, Defendant Wall was responsible for Defendant Floor Systems' compliance with the obligations and duties set forth in the CBAs, including but not limited to ensuring that: (1) all wages were properly paid; (2) all wage deductions were properly made and withheld; and (3) all wage deductions were timely remitted to the Union's designated depository.

35. In such capacities, Defendant Wall, intending to interfere with the Union's possession, made the decision not to remit the required deductions for the work months identified in Paragraph 31, to the Union's designated depository by the due date.

36. The required deductions were not transmitted to the Union's designated depository by the due date but were instead withheld from the Union beyond the due date without authorization.

37. In such capacities, Defendant Wall was ultimately responsible for the decision not to remit the deductions.

38. Defendant Wall appropriated and exercised dominion over these deductions for his own and/or Floor Systems' own use and benefit.

39. Moreover, Defendant Wall withheld and possessed these deductions under a claim and title inconsistent with the Union's own in its representative capacity on behalf of Floor Systems' covered employees.

40.     Defendant Wall's failure to remit the deductions was done in exclusion, denial, and defiance of the Union's right to use and enjoy said deductions.

41.     As a result of his failure to remit the deductions, Defendant Wall is personally liable for the monies which should have been remitted to the Union's designated depository.

42.     The Union has made demand for Defendant Floor Systems to remit the deductions; however, Defendant refused.

43.     Defendant Wall's actions were the legal cause of the Union's loss of the deductions, and the Union has suffered damage by loss of the deductions.

44.     This Court has jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

**WHEREFORE**, Plaintiff Union respectfully requests that:

A.      Defendant Wall be ordered to pay the delinquent deductions owed to Plaintiff Union in an unknown amount for the months of November 2022, February 2023, March 2023, May 2023, June 2023, July 2023, August 2023, September 2023, October 2023, and November 2023;

B.      Defendant Wall be ordered to pay statutory post-judgment interest on all principal deductions as found due by this Order;

C.      Defendant Wall be ordered to pay Plaintiff Union's attorneys' fees and costs incurred herein; and

D.      Plaintiff Union have such other and further relief as the Court may deem just and equitable all at Defendant Wall's cost.

**COUNT III**
**CONVERSION: CIVIL CAUSE OF ACTION**
**FOR CRIMINAL CONVERSION PURSUANT TO I.C. 34-24-3-1**

45.    Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-44 of this

Complaint with the same force and effect as if fully set forth herein.

46.    The Union is a labor organization whose duly authorized officers or agents are engaged in

representing or acting for employee members within this judicial district.

47.    At all times material herein, Defendant Floor Systems has been signatory to an MOA,

binding it to the Union's CBAs.

48.    The CBAs require Defendant Floor systems to make certain wage deductions from its

covered employees' paychecks and remit said deductions to the Union's designated

depository by the due date.

49.    Defendant Floor Systems made the required deductions from its covered employees'

paychecks for the CBAs and work months identified below:

| CBA: | Work Month: |
| --- | --- |
| CNE2 | March 2023 |
| CNE2 | April 2023 |
| CNE2 | May 2023 |
| CNE2 | June 2023 |
| CNE2 | July 2023 |
| CNE2 | August 2023 |
| CNE2 | September 2023 |
| CNE2 | October 2023 |
| CNE2 | November 2023 |

| CBA: | Work Month: |
| --- | --- |
| CNW1A | November 2022 |
| CNW1A | February 2023 |
| CNW1A | May 2023 |
| CNW1A | June 2023 |
| CNW1A | July 2023 |
| CNW1A | August 2023 |
| CNW1A | September 2023 |
| CNW1A | October 2023 |
| CNW1A | November 2023 |

50.  The wage deductions became the property of the Union, in its representative capacity for Flooring Sytems' covered employees, on the due date. Thus, the Union had an immediate, unqualified right to then possess the deductions based on a superior claim of title.

51.  At all times material herein, Defendant Wall has been the sole owner and President of Floor Systems.

52.  In such capacities, Defendant Wall, intending to interfere with the Union's possession, made the decision not to remit the required deductions for the work months identified in Paragraph 49, to the Union's designated depository by the due date.

53.  The required deductions were not transmitted to the Union's designated depository by the due date but were instead withheld from the Union beyond the due date without authorization.

54.  A civil action under the criminal conversion statute is permitted Indiana's Civil Conversion Statute, which provides that:

"If a person has an unpaid claim on a liability that is covered by IC 24- 4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3- 3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:

(1)   An amount not to exceed three (3) times:

   (A)   the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or . . . .

(2)   The costs of the action.

(3)   A reasonable attorney's fee. . . .

(7)   All other reasonable costs of collection."

Ind. Code § 34-24-3.

55. Pursuant to Indiana's Civil Conversion Statute, the amounts deducted from the covered employees' paychecks constitute a specific chattel that Defendant Floor Systems was entrusted to apply for the specific purpose of paying the Union's designated depository on behalf of Floor Systems' covered employees from whose wages the deductions were taken.

56. The deliberate and intentional non-payment/withholding and failure to timely remit the wage deductions to the Union's designated depository beyond the due date constitutes a wrongful taking and conversion of the deductions.

57. In the State of Indiana, "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." Ind. Code § 35-43-4-3 (a).

58. Defendant Wall knew he was required to remit the deductions to the Union's designated depository by the due date, but withheld the deductions beyond the due date without authorization and for his own and/or Floor Systems' own purposes.

59. Defendant Wall thereby knowingly and intentionally exerted unauthorized control over the management and disposition of all monies deducted from the paychecks of Floor Systems' covered employees.

60. The Union and Floor Systems' covered employees suffered a pecuniary loss as a result of Defendant Wall's violation.

61. Because the civil conversion statute applies to the amounts owed to the Union in its representative capacity, the Union is entitled to an award under Indiana's Civil Conversion Statute not to exceed three (3) times the actual loss, the costs of this action, and a reasonable attorneys' fee.

62. This Court has jurisdiction over this Count pursuant to 28 U.S.C. § 1367.

**WHEREFORE,** Plaintiff Union respectfully requests that:

A.   Defendant Wall be ordered to pay the delinquent deductions, interest, and liquidated damages in an unknown amount owed to Plaintiff Union for the months of November 2022, February 2023, March 2023, May 2023, June 2023, July 2023, August 2023, September 2023, October 2023, and November 2023;

B.   Defendant Wall be ordered to pay statutory post-judgment interest on all principal deductions as found due by this Order;

C.   Defendant Wall be ordered to pay treble damages for the statutory conversion of the total deductions found due by this Order;

D.   Defendant Wall be ordered to pay Plaintiff Union's attorneys' fees and costs incurred herein; and

E.   Plaintiff Union have such other and further relief as the Court may deem just and equitable all at Defendant Wall's cost.

Respectfully submitted,

**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND** *et al.*

/s/ Kaelyn M Le-Hue
Kaelyn M Le-Hue (38250-49)
Johnson & Krol, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Phone: (317) 864-3587
Facsimile: (312) 255-0449
lehue@johnsonkrol.com